**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| WILLA HOBBY, ET AL. | CIVIL ACTION NO. 17-0920 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TOBIN PARKER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

The Plaintiffs, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc. and Willa Hobby's (collectively "Wal-Mart") Motion for Leave to Appeal, and/or Motion for Certification of Direct Appeal to the United States Fifth Circuit Court of Appeals and for a Stay of All Proceedings Pursuant to 28 U.S.C. § 158 (Record Document 1) is **DENIED**. Based on the Court's aforementioned ruling, Defendant, Tobin Parker's ("Parker") Motions to Dismiss Appeal (Record Documents 2 and 16) are now **MOOT**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this matter has been set forth in the bankruptcy court's June 19, 2017 "Order Denying Motion for Judgment on the Pleadings." Neither party has objected to the facts as set forth by the bankruptcy court, therefore, in order to give contextual basis to those facts and in the interests of creating a complete record, this Court will adopt the factual background as set forth by the bankruptcy court in its Order, as set forth herein below:

Wal-Mart initiated this adversary proceeding on March 21, 2017. Wal-Mart is seeking a declaratory judgment against Parker, who is the debtor in the underlying bankruptcy case. Wal-Mart is seeking an order prohibiting Parker from continuing a personal injury lawsuit against it. Wal-Mart argues that Parker should be judicially

estopped from continuing the personal injury lawsuit because he failed to amend his bankruptcy schedules to disclose the lawsuit.

Parker filed his Chapter 13 bankruptcy case on February 27, 2009. In his original bankruptcy schedules, he disclosed that he had no contingent or unliquidated claims, which would include a personal injury lawsuit (Case No. 09-10637, ECF No. 1, pg. 11). Parker never amended his bankruptcy schedules. Parker's Chapter 13 plan was confirmed on July 1, 2009. Parker later modified his plan on January 25, 2010, which was approved on March 3, 2010. It is important to note that Parker's initial counsel in the bankruptcy case was Michael Rennix ("Rennix"), who has since been disbarred from the practice of law.

According to the parties' joint pre-trial statement (ECF No. 13), the following facts are not in dispute:

1. On or about December 18, 2010, Parker, who was employed by Coca-Cola Refreshments USA, Inc. was involved in an accident at a Wal-Mart store in Many, Louisiana.

2. Parker retained the Jack Bailey Law Corporation to represent him in connection with these injuries, and on December 16, 2011, he filed the lawsuit in state court captioned <u>Tobin Parker v. Walmart of Louisiana, LLC, Wal-Mart Stores, Inc. and Willa Hobby</u> ("Wal-Mart lawsuit").

3. On December 18, 2012, Wal-Mart took Parker's deposition, and the Wal-Mart lawsuit was discussed.

4.  On March 15, 2013, the Jack Bailey Law Corporation sent a letter to then-Chapter 13 Trustee Lucy G. Sikes ("Sikes") and Rennix informing them of the pending lawsuit.

5.  On May 17, 2013, Sikes sent an acknowledgment letter to the Jack Bailey Law Corporation, Rennix, and Parker. In that letter, Sikes acknowledged the lawsuit had been disclosed to her and asked the parties to keep her office advised as to the status of the case.

6.  Rennix never responded to the letters or any other inquiries into the matter, and never amended the defendant's bankruptcy schedules or plan to disclose the lawsuit.

Parker received a discharge in his Chapter 13 case on April 28, 2014, and the case was closed on August 8, 2014. Wal-Mart filed a motion to reopen the case in order to file the instant adversary proceeding, which the bankruptcy court granted on March 7, 2017. Record Document 1-2.

Wal-Mart then filed a Motion for Judgment on the Pleadings on the grounds that Parker's failure to amend his plan and list the Wal-Mart suit as a contingent asset is, according to settled federal jurisprudence, clearly inconsistent with the filing of a state court suit for damages, thereby implicating the doctrine of judicial estoppel. See Record Document 1 at 4, ¶ 6. On June 19, 2017, the bankruptcy court entered an Order denying Wal-Mart's Motion for Judgment on the Pleadings. See Record Document 1-2. The bankruptcy court in denying the Motion reasoned that there are several cases in which bankruptcy courts have held that judicial estoppel does not apply when debtors have disclosed post-petition causes of action to the case trustee, even when the debtor has not amended the bankruptcy schedules. See id. According to Wal-Mart, formal notice

occurs when the debtor amends the bankruptcy schedules and informal notice occurs when a debtor mails a disclosure letter to the trustee. However, the bankruptcy court too noted that failure to amend the schedules to disclose a post-petition cause of action may be the basis for judicial estoppel. See id. The Court further opined that disclosure to the trustee of a post-petition cause of action may be sufficient to prevent judicial estoppel especially where a debtor was possibly not being effectively represented by counsel. See id. The bankruptcy court held that these were all issues of fact which could not be determined on a Motion for Judgment on the Pleadings. See id.

On July 17, 2017, Wal-Mart filed in this Court and the bankruptcy court a "Notice of Appeal" and a "Motion for Leave to Appeal, and/or Motion for Certification of Direct Appeal to the United States Fifth Circuit Court of Appeals and for a Stay of All Proceedings pursuant to 28 U.S.C. § 158." See Record Documents 1 and 1-1.

Wal-Mart submits to the Court that there is a question of law regarding the bankruptcy court's position for which there is a substantial ground for difference of opinion which warrants either this Court granting Leave to Appeal the bankruptcy court's Order to this Court under 28 U.S.C. § 158(a) or this Court certifying this matter the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2). See Record Document 1 at 5, ¶ 8. Specifically, whether informal notice to the trustee rather than formal notice is sufficient to prevent judicial estoppel. See id. at 12, ¶ 18. Accordingly, Wal-Mart requests that this Court either grant a direct appeal to this Court pursuant to 28 U.S.C. § 158(a) and/or certify this matter to the Fifth Circuit under 28 U.S.C. § 158(d)(2) utilizing the analysis for interlocutory orders pursuant to 28 U.S.C. § 1292(b). See id.

## LAW AND ANALYSIS

**I.     Appeal of Bankruptcy Orders to District Court Pursuant to 28 U.S.C. § 158(a)**

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. § 158(a). Pursuant to 28 U.S.C. § 158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1)     from final judgments, orders, and decrees;

(2)     from interlocutory orders and decrees issued under Section 1121(d) of title 11 increasing or reducing the time periods referred to in Section 1121 of such title; and

(3)     with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court uses in determining whether to grant leave to appeal. Moreover, the Fifth Circuit has not provided a hard and fast rule for determining when an interlocutory appeal should be allowed. See Ichinose v. Homer Nat'l. Bank, 946 F.2d 1169, 1176 (5th Cir. 1991); In re Hunt Int'l. Res. Corp., 57 B.R. 371, 371 (N.D. Tex. 1985). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." In re O'Connor, 258 F.3d 392, 399-400 (5th Cir. 2001)

In Ichinose, the Fifth Circuit expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a). See id. at 1177. However, the court noted that the "case fit squarely within [Section 1292's] borders." Id. The court stated:

> [T]he vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders, [internal citations omitted]. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. In re Neshaminy Office Bldg. Assoc., 81 B.R. 301, 303 (E.D. Pa. 1987).

946 F.2d at 1177.

Guided by the pronouncement in Ichinose, district courts in the Fifth Circuit have relied on the Section 1292(b) factors in considering whether to grant leave to appeal an interlocutory order of a bankruptcy court. See In re Hallwood Energy, L.P., 2013 WL 524418, *1 (N.D. Tex. 2013) ("The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally"); see Powers v. Montgomery, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from Bankruptcy Court orders"); see In re Turner, 1996 WL 162110, *1 (E.D. La. 1996) ("Because § 158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. § 1292(b)").

"Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." Smith v. AET Inc., 2007 WL 1644060, *5 (S.D. Tex. 2007). Thus, in accordance with the legislative history of § 1292(b), "interlocutory appeals should be granted only in exceptional situations where allowing such an appeal would avoid protracted and expensive litigation." In re Turner, 1996 WL at *1 (citing Clark–Dietz & Assoc. v. Basic Construction, 702 F.2d 67, 69 (5th Cir. 1983)); Powers, 1998 WL at *2 ("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals"); In re Global Marine, Inc., 108 B.R. 1007, 1009 (S.D. Tex. 1988) ("The other standard frequently employed is whether 'exceptional circumstances' warrant a grant of immediate appellate review").

"To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)." Fed. R. Bankr. P. 8004. The notice must be filed within the time allowed by Rule 8002, which is within 14 days after the entry of the judgment, order, or decree being appealed. See Fed. R. Bankr. P. 8004; see Fed. R. Bankr. P. 8002. The Supreme Court has opined that "[i]t is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403 (1982) (citation omitted). Accordingly, "[t]he time limit is strictly construed . . . ." Whitemere Dev. Corp. v. Cherry Hill Twp., 786 F.2d 185, 187 (3rd Cir. 1986). "If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996).

Thus, a plain reading of the statute requires the party appealing the bankruptcy court's decision to file a notice of appeal within 14 days of entry of the judgment, order, or decree. Failure to comply with this requirement results in the appellate court lacking jurisdiction to hear the appeal.

In the present action, in appealing the bankruptcy court's interlocutory Order, Wal-Mart had 14 days to file its Notice of Appeal with the bankruptcy court. Parker argues that Wal-Mart's Motion for Leave to Appeal should be denied because Wal-Mart did not file its Notice of Appeal within 14 days of the bankruptcy court entering its Order. The bankruptcy court entered its Order Denying Motion for Judgment on the Pleadings on June 19, 2017. Consequently, Wal-Mart was required to file its Notice of Appeal on July 3, 2017. However, Wal-Mart filed its Notice of Appeal on July 17, 2017 along with its Motion for Leave to Appeal and/or Certification of Direct Appeal to the United States Court of Appeals Pursuant to 28 U.S.C. § 158. Therefore, the Court finds Wal-Mart's Notice of Appeal to be untimely. Accordingly, Wal-Mart's Motion for Leave to Appeal is **DENIED** as this Court lacks jurisdiction to hear Wal-Mart's appeal. See Bowles v. Russell, 551 U.S. 205, 210, 127 S. Ct. 2360, 2364 (2007) ("time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century").

However, Wal-Mart first attempts to evade the statutorily required time period by arguing that this Court has the authority to grant a 21 day extension pursuant to Fed. R. Bankr. P. 8002(d)(1)(B). Fed. R. Bankr. P. 8002(d)(1)(B) states that "[e]xcept as provided in subdivision (d)(2), the **bankruptcy court** may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P.

8002(d)(1)(B) (emphasis added). The Court rejects this argument for two reasons. First, this argument fails because in order to comply with this rule, Wal-Mart needed to seek an extension with the bankruptcy court rather than this Court. Moreover, even if the Court were allowed to consider such a motion, Wal-Mart has failed to offer evidence showing excusable neglect on why it failed to comply with the deadlines. Accordingly, Wal-Mart's Motion for Leave to Appeal pursuant to 28 U.S.C. § 158(a) is **DENIED**.

## II.     Appeal of Bankruptcy Orders Pursuant to 28 U.S.C. 158(d)(2)

In a further attempt to evade the statutorily required time period of 14 days, Wal-Mart argues that 28 U.S.C. § 158(d)(2)(E) applies, which provides Wal-Mart 60 days from entry of the Order to file its Notice of Appeal. The purpose of 28 U.S.C. § 158(d)(2) is to provide for direct review of bankruptcy court judgments, orders, or decrees by the applicable court of appeals in cases where the judgment, order, or decree involves:

(i)     a question of law and the bankruptcy court or the district court certify that there is no controlling decision from the Supreme Court or circuit court, or the case involves a matter of public importance;

(ii)    a controlling question of law that requires the resolution of conflicting precedents; or

(iii)   an immediate appeal that may materially advance the progress of the bankruptcy proceeding.

In re OCA, Inc., 552 F.3d 413, 418 (5th Cir. 2008); 28 U.S.C. § 158(d)(2)(A)(i)-(iii). "If this certification is made, the applicable court of appeals has jurisdiction if it authorizes the direct appeal." Id. at 418; 28 U.S.C. § 158(d)(2)(A).

Wal-Mart argues that three of the aforementioned circumstances are present. First, Wal-Mart argues that there is no controlling precedent from the Fifth Circuit or the Supreme Court on whether informal notice to the trustee is sufficient to prevent judicial

estoppel. Next, Wal-Mart argues that there are conflicting decisions on whether such notice is sufficient to prevent judicial estoppel, both within and outside the Fifth Circuit. Specifically, Wal-Mart asserts that the Supreme Court nor the Fifth Circuit have answered the question of whether a party must give formal notice, i.e., amending the bankruptcy schedules to list the cause of action to a bankruptcy trustee of a post-bankruptcy petition cause of action to prevent judicial estoppel or whether informal notice, i.e., mailing a disclosure letter to the trustee, suffices and there are conflicting decisions both within and outside the Fifth Circuit. Lastly, Wal-Mart argues that a determination of this issue would dispose of the case.

The Fifth Circuit has handled judicial estoppel cases in the past and there is ample controlling law to govern the present action. The Court rejects Wal-Mart's narrow argument seeking the Fifth Circuit to determine whether informal notice is sufficient to prevent judicial estoppel pursuant to 28 U.S.C. § 158(d)(2). The Fifth Circuit has noted that the doctrine of "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012) (citation omitted). In determining whether to apply judicial estoppel courts look to the following criteria: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." Id. at 261. Further, the bankruptcy court correctly noted that judicial estoppel is a fact-sensitive equitable doctrine and even if Wal-Mart met all the elements required for judicial estoppel, the court could still find it inequitable to judicially estop Parker from pursuing his

cause of action against Wal-Mart. Record Document 1-2. Lastly, it should be noted that the bankruptcy court did not reject Wal-Mart's judicial estoppel argument, but merely noted that it needed more facts at the present stage of the litigation. Therefore, the Court finds that certifying this question to the Fifth Circuit of whether formal or informal notice is required to prevent the doctrine of judicial estoppel is unwarranted as the elements required under 28 U.S.C. § 158(d)(2) are not present.

Furthermore, the Court is not persuaded that the Section 1292(b) factors for interlocutory orders are present in this case because the question does not concern a controlling issue of law and an immediate appeal will not substantially advance the ultimate termination of this litigation. See Ichinose v. Homer Nat'l. Bank, 946 F.2d 1169, 1177 (5th Cir. 1991) First, as indicated supra, the Court determined that whether informal notice is sufficient to prevent judicial estoppel does not concern a controlling issue of law. Next, because there are different scenarios of which the Fifth Circuit could rule, an immediate appeal has the potential to not substantially advance the ultimate termination of the litigation. In coming to this decision, it should be noted that the Court has great discretion and Wal-Mart must show an exceptional circumstance for this relief, which it has not. See In re O'Connor, 258 F.3d 392, 399-400 (5th Cir. 2001) ("[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion"). Accordingly, the Court declines to grant Wal-Mart's request for certification based on the Fifth Circuit's disinclination in hearing interlocutory orders. See In re Global Marine, Inc., 108 B.R. 1007, 1009 (S.D. Tex. 1988) ("The other standard frequently employed is whether 'exceptional circumstances' warrant a grant of immediate

appellate review"). Therefore, Wal-Mart's Motion for Certification of Direct Appeal to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) is **DENIED**.

**CONCLUSION**

Wal-Mart's Motion for Leave to Appeal, and/or Motion for Certification of Direct Appeal to the United States Fifth Circuit Court of Appeals and for a Stay of All Proceedings Pursuant to 28 U.S.C. § 158 (Record Document 1) is **DENIED**. Based on the Court's aforementioned ruling, Parker's Motions to Dismiss Appeal (Record Documents 2 and 16) are now **MOOT**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 28th day of March, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT